UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DEANDRA RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| IMPROVED DATA SERVICES LLC, and | ) |
| UPGRADE LOANS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DEANDRA RILEY ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, IMPROVED DATA SERVICES LLC ("Improved Data Services") and UPGRADE LOANS, INC. ("Upgrade Loans") (collectively "Defendants"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Counts II and III of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Seffner, Hillsborough County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendants are debt collectors as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Improved Data Services is a collection agency located in the City of Williamsville, Erie County, State of New York.

13. Upgrade Loans is a loan servicing corporation located in the City of Tallahassee, Leon County, State of Florida.

14. Defendants are business entities engaged in the collection of debt within the State of Florida.

15. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

17. The principal purpose of Improved Data Services business is the collection of debts

2

allegedly owed to third parties.

18. Improved Data Services regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Improved Data Services sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with an Upgrade Loans account.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. Upon information and belief, after Plaintiff's purposed default on the alleged debt, Upgrade Loans contracted with a debt collection agency, Improved Data Services, to attempt to collect on the alleged debt from Plaintiff on its behalf.

24. At all times relevant, Improved Data Services was an agent of Upgrade Loans.

25. At all times relevant, Upgrade Loans was acting through its agent, Improved Data Services.

26. Within the past year of Plaintiff filing this Complaint, Improved Data Services began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-3245, in an attempt to collect the alleged debt.

27. Improved Data Services calls Plaintiff from 855-568-5611, which is one of Improved Data Services' telephone numbers.

28. On or around January 22, 2020, Plaintiff answered Improved Data Services' collection call and spoke with one of Improved Data Services' female collectors.

29. During the conversation, Improved Data Services' female collector threatened to take legal action against Plaintiff if she did not make a payment to Improved Data Services.

30. During the conversation, Improved Data Services' female collector threatened to arrest Plaintiff if she did not make a payment to Improved Data Services.

31. During the conversation, Improved Data Services' female collector threatened to garnish Plaintiff's wages if she did not make a payment to Improved Data Services.

32. Since Improved Data Services began calling Plaintiff, Improved Data Services' female collector, Samantha, left the following voicemail messages on Plaintiff's telephone:

    a. "Hi Deandra, Samantha Evans again. I left you a few messages regarding a legally protected matter pertaining to your name and social security number. I do need to speak to you today. If I don't hear from you, I'm required to do a formal wage verification with (unintelligible) Cancer Center, which I will complete by close of business tomorrow. At that point, I'm sorry Ms. Riley but I am required to mark you noncompliant and uncooperative. My phone number, if you would like to speak with me, 855-568-5611."

    b. "Hi, good afternoon. This message is for Deandra Riley. Deandra, my name is Samantha Evans. I am a case manager with Improved Data Services. And I'm doing a follow-up on a correspondence that I issued out to the property, (unintelligible) and Michael Riley on Henderson Avenue. Went out about 30 days ago. Basically, um, outlined that your name and social security number are being pre-qualified for legal remedy. In the letter it did state that if you disputed the validity of any of the information being provided, you were required to contact our office and render statements to prohibit any action moving forward. As of the date we have yet to hear from you. Ms. Riley, this is a courtesy call. If you could return my call, my number is area code 855-568-5611. Thank you."

33. In or around January 2020, Improved Data Services began placing calls to Plaintiff's

husband, Michael Riley, on his telephone at xxx-xxx-2119, in an attempt to collect the alleged debt.

34. Since Improved Data Services began calling Plaintiff's husband, Improved Data Services' female collector, Samantha, left the following voicemail message on Plaintiff's husband's telephone:

    a. "Hello, this message is solely intended for Michael Riley, my name is Samantha Evans. I am a case manager with Improved Data Services. I've exhausted all efforts in reaching Deandra Riley regarding a legally protected matter that is being filed through our office. Again, it's your name and social security number. At this point I am being required to notify any and all parties sharing common property or have joint accounts with this individual. Mr. Riley, (unintelligible) more information feel free to call me back. My direct line is area code 855-568-5611. Thank you very much."

35. Improved Data Services' female collector was working within the scope of her employment when communicating with Plaintiff.

36. Improved Data Services' female collector is or should be familiar with the FDCPA.

37. Improved Data Services' female collector knows or should know that the FDCPA requires the debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

38. Improved Data Services was the avenue through which Upgrade Loans' employees conducted their business operation, namely, debt collection.

39. Upgrade Loans knew that Improved Data Services repeatedly or continuously engaged in collection practices described above.

40. Defendants and their respective agents and employees knew that the representations made to Plaintiff were false.

41. To date, Defendants have not taken legal action against Plaintiff.

42. To date, Defendants do not have judgment entered against Plaintiff.

## COUNT I
## IMPROVED DATA SERVICES VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

44. Improved Data Services violated the FDCPA based on the following:

   a. Improved Data Services violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Improved Data Services engaged in engaged in, at least, the following discrete violations of § 1692e;

   b. Improved Data Services violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages, when Improved Data Services' female collector threatened to garnish Plaintiff's wages when such action was not lawful and Improved Data Services did not intend to take such action;

   c. Improved Data Services violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Improved Data Services' female collector repeatedly threatened to take legal action against Plaintiff and Improved Data Services did not intend to take such action;

   d. Improved Data Services violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Improved Data Services' female collector failed to disclose that she is a debt collector attempting to collect a debt from Plaintiff in

6

      voicemail messages left on Plaintiff's telephone and Plaintiff's husband's telephone; and

    e. Improved Data Services violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Improved Data Services engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DEANDRA RILEY, respectfully requests judgment be entered against Defendant, IMPROVED DATA SERVICES LLC, for the following:

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

47. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### IMPROVED DATA SERVICES VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. Improved Data Services violated the FCCPA based on the following:

    a. Improved Data Services violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Improved Data Services' female collector threatened to take legal action against Plaintiff when Improved Data Services did not intend to take such action and when Improved Data Services' female collector failed to disclose that she is a debt collector attempting to collect a debt from Plaintiff in

        voicemail messages left on Plaintiff's telephone and Plaintiff's husband's telephone; and

    b. Improved Data Services violated § 559.72(9) of the FCCPA by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist, when Improved Data Services' female collector threatened to garnish Plaintiff's wages when Improved Data Services could not legally take such action.

WHEREFORE, Plaintiff, DEANDRA RILEY, respectfully requests judgment be entered against Defendant, IMPROVED DATA SERVICES LLC, for the following:

50. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

51. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

52. Punitive damages and equitable relief, including enjoining Improved Data Services from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

53. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## UPGRADE LOANS VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

54. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

55. Upgrade Loans violated the FCCPA based on the following:

    a. Upgrade Loans violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Upgrade Loans' agent threatened to take legal action against Plaintiff when no such action was intended to be taken and when Upgrade Loans' agent failed to disclose that she is a debt collector attempting to collect a debt from Plaintiff in voicemail messages left on Plaintiff's telephone and Plaintiff's husband's telephone; and

    b. Upgrade Loans violated § 559.72(9) of the FCCPA by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist, when Upgrade Loans' agent threatened to garnish Plaintiff's wages when no such action could lawfully be taken against Plaintiff.

WHEREFORE, Plaintiff, DEANDRA RILEY, respectfully requests judgment be entered against Defendant, UPGRADE LOANS, INC., for the following:

56. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

57. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

58. Punitive damages and equitable relief, including enjoining Upgrade Loans from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

59. Any other relief that this Honorable Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

DATED: May 21, 2020          By: /s/ Shireen Hormozdi
                                                  Shireen Hormozdi
                                                  SBN: 0882461
                                                  Hormozdi Law Firm, LLC
                                                  1770 Indian Trail Lilburn Road, Suite 175
                                                  Norcross, GA 30093
                                                  Tel: 678-395-7795
                                                  Fax: 866-929-2434
                                                  shireen@agrusslawfirm.com
                                                  shireen@norcrosslawfirm.com
                                                  Attorney for Plaintiff